IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HARDWARE PLUS, INC.,**<br><br>  Plaintiff,<br><br>  v.<br><br>**OMNIMAX INTERNATIONAL, LLC, et al.,**<br><br>  Defendant. | Civil No. 23-1394 (MBA) |

### ORDER

Pending before the Court is Plaintiff Hardware Plus, Inc.'s ("Plaintiff") motion to compel discovery responses (ECF No. 165) and Plaintiff's supplemental motion in support of its motion to compel (ECF No. 170), to which co-defendants OmniMax International, LLC and Euramax Canada, Inc. ("Defendants") filed a consolidated response in opposition (ECF No. 171). In essence, Plaintiff asserts that Court intervention is required to receive complete responses from Defendants to its interrogatories as well as requested documents. (ECF No. 165, 170). They state that efforts to meet and confer have "fail[ed] to cure the core deficiencies" previously identified and later "discussed during the meet and confer." (ECF No. 170 at 1). In turn, Defendants move to deem the first motion moot based on both the filing of the subsequent motion to compel and their own next day supplemental responses. (ECF No. 171). Defendants request that the Court deny without prejudice Plaintiff's supplemental motion to compel for failure to comply with the "meet and confer" requirement codified in Federal Rules of Civil Procedure and this District's Local Rules. (ECF No. 171). Plaintiff replied. (ECF No. 173). For the reasons stated herein, the Court deems the first motion to compel **MOOT**, Plaintiff's supplemental motion is **HELD IN ABEYANCE**, and Defendants are **ORDERED** to either supplement their answers and production of documents or file by **September 2, 2025**, a response to the supplemental motion to compel indicating their position as to each request.

**A. Background**

On July 18, 2025, Plaintiff alerted the Court it was experiencing "discovery delays" from Defendants. (ECF No. 164). Plaintiff informed that it was unable to comply with its August 4, 2025 expert report deadline because it was still waiting on Defendants to "*fully* supplement their discovery responses." (*Id.* at 1) (emphasis in original). Plaintiff explained that on May 6, 2025, it had objected to Defendants' answers to its interrogatories and requests for production of documents. (*Id.* at 2). This had resulted in coordination between the parties and a "meet and confer" on May 21, 2025, where Defendants agreed to supplement their responses. (*Id.*). Defendants then requested and received several extensions of the agreed-upon deadline culminating on its expiration on July 14, 2025, without any new information. (*Id.* at 3). Defendants then promised a next day response, and later a few more days. (*Id.*). Having received nothing further, on July 18, Plaintiffs complained that despite its "good-faith follow-ups," Defendants "ha[d] neither produced the requested data nor provided a firm timeline for compliance." (*Id.*). Plaintiff submitted electronic correspondence in support. (ECF No. 164-1 to 164-4).

On July 31, 2025, Plaintiff filed its first motion to compel. (ECF No. 165). Plaintiff indicated that it had yet to receive anything from Defendants and proceeded to itemize each discovery request it understood Defendants failed to meet, the Defendants' response, and arguments why production should be compelled. (*Id.*). Four days later, on August 4, Defendants notified the Court that they intended to oppose Plaintiff's motion. (ECF No. 166). Defendants informed that on August 1st they had "sent to Plaintiff its supplemental responses," which "addressed most, if not all, of the concerns posed by Plaintiff in its Motion to Compel." (*Id.* ¶ 2). While Defendants' response was pending, on August 15, Plaintiff filed a supplemental motion to compel. (ECF No. 170). Therein, Plaintiff alleged that while it had received the supplemental responses, they "still fail to cure the core deficiencies" identified in their letter and discussed at the meet and confer. (*Id.* at 1). Plaintiff again went over each interrogatory and requested item. (*Id.* at 2-23).

On August 18, Defendants filed their response. (ECF No. 171). Rather than tackle Plaintiff's substantive arguments, Defendants raise procedural complaints: (1) their expectation that Plaintiff would "contact them" after they submitted their supplemental responses and indicated they would be opposing Plaintiff's motion to compel; and (2) that Plaintiff filed the supplemental motion without

first meeting and conferring as required by the Federal Rules of Civil Procedure and the Local Rules. (*Id.* at 2). Thus, they argue that: (1) the first motion is now moot based on their next-day submission and the filing of the new motion and (2) the second motion to compel should be denied without prejudice pending compliance with the rules. (*Id.* at 2-5). On August 21, Plaintiff replied, accusing Defendants of using procedural tactics as a "strategy of delay" and arguing that "Rule 37 [of the Federal Rules of Procedure] does not require … endless, circular conferences." (ECF No. 173 at 2). The Court agrees.

**B. Discussion**

Plaintiff's first motion to compel is indisputably moot. Defendants supplemented their initial submissions the next day, and regardless of whether those were up to par, Plaintiff filed a supplemental motion to compel that goes through each alleged deficiency. That being said, the Court agrees with Plaintiff that neither the Federal Rules of Civil Procedure nor the Local Rules require they repeat procedural formalities they have already executed.

Rule 37(a)(1) of the Federal Rules of Civil Procedure codifies the so-called "meet and confer" requirement. Fed. R. Civ. P. 37(a)(1). It provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* In turn, Local Rule 26(b) provides that "[a] judicial officer shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice."

Here, Plaintiff complied with the rules when it sent its objection letter and discussed its objections with Defendants at the May 21 meeting. A new "meet and confer" was not required by the mere supplemental responses provided by Defendants, who, in their Notice of Intent to Oppose, could not even attest that the original issues were fully resolved. (ECF No. 166 ¶ 2) (indicating that they "addressed most, if not all, of the concerns posed by Plaintiff in its Motion to Compel"). *See Especias Montero, Inc. v. Best Seasonings Grp., Inc.*, No. 20-1740 (GLS), 2021 U.S. Dist. LEXIS 153144, at *5, 2021 WL 3609663, at * 2 (D.P.R. Aug. 13. 2021) ("conclud[ing] that further meet and confer efforts

were unnecessary as none of the matters raised in Best Seasonings' motion to compel, which had been the subject of Best Seasonings' objection letter … were addressed in Plaintiff's supplemented answers"). Moreover, having notified the Plaintiff and the Court of its intent to oppose Plaintiff's motion, it is unclear why Defendants were "expecting Plaintiff to contact them." (ECF No. 171 ¶ 5). And, similarly, why that failure would preclude a second motion outlining why the same alleged deficiencies were still present without first rehashing the same discussion.

Finally, in their Opposition to Plaintiff's motions to compel, Defendants do not address any of Plaintiff's request, explain how any deficiency was cured by their August 1st production, or why they should not be compelled to comply. (ECF No. 171). Therefore, Defendants are **ORDERED** to either supplement their answers and production of documents by **September 2, 2025**, or file a response to the supplemental motion to compel indicating their position as to each request. The parties are encouraged to meet and discuss the outstanding requests prior to the filing of Defendants' response.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this August 22, 2025.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge